Kinsey C. J.
After stating the circumstances of the case he observed that the Gravesend case which seemed to be particularly relied upon as affording a precedent of a removal to the master was not quite intelligible. The marginal note in Comyns *391 clearly states the order to be irregular because ic was to send »;he pauper to her master, and not to the parish where settled. Be that however as it may, such an order is not as Burns admits founded on the statute, but on the general power of the Justices; and if it was to be admitted that a particular order might be directed to the master, yet the authority of the Justices to remove to the last place of legal settlement is not affected by such a decision. It is clear however to us that they ought to make no other order than such as was made in this instance.
By the 23d Section of the act of 1774, on complaint that any person is, or is likely to become chargeable, they are di» rected to examine into the matter, and to make an order on the place of the legal settlement, and no other. This is the rule which they are to follow, and having done so in this case, the order made by the two Justices is right.
It has been said the Justices cannot sever, or send the servant away from the master, because this amounts to de - claring the indenture void. This is not the law; if a servant becomes chargeable he may be removed. In this case how* ever the severance had taken place: — the servant was deserted by the master, and had become chargeable to the township; andas the act requiring and empowering Justices tore-, move all chargeable persons, makes no distinctions, the com f. can make none.
The magistrates can go no farther than to inquire where was the last settlement: — they have no authority to inquire into private contracts. The act takes notice of the settlement of apprentices, and it make no provision in regard to-their removal distinct from the general directions in the 23d section. Suppose the master unable to support his appren - tice, or he should refuse to receive him, there is no summary mode of enforcing obedience to the order. We think it more; reasonable that the township where the pauper has acquired a settlement should, in the first instance be compelled to maintain him; and if they can afterwards find any other person who is liable to perform this duty to obtain redress from him, than to impose this upon the township in which, no right has been gained but by intrusion.
*392 We are therefore of opinion the order of sessions reversing that of the two Justices be quashed, and the order of the Justices affirmed.
Order of Sessions Quashed.